IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

REINALDO RODRIGUEZ,
aka "Reynaldo Rodríguez",

Defendant.

CRIMINAL NO. 11-529 (DRD)

**REPORT AND RECOMMENDATION**

Defendant Reinaldo Rodríguez was charged in Count One of an Indictment wherein between in or about July 2006 and in or about May 2010, in the Western District of New York, the defendant, Reinaldo Rodríguez, did knowingly and willfully steal, purloin and convert to his own use, property of the United States of a value in excess of $1,000, to wit, Supplemental Security Income benefits belonging to the Social Security Administration in the approximate amount of $31,732, which the defendant fraudulently obtained and to which the defendant was not entitled. All in violation of Title 18, United States Code, Section 1641.

On February 24, 2012, defendant appeared before this Magistrate Judge since the Rule 11 hearing was referred by the court. Defendant was provided with the Waiver of Indictment and a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to the only count of the Indictment, upon being advised of his right to have said proceedings before a district

United States v. Reinaldo Rodríguez
Criminal No. 11-529 (DRD)
Report and Recommendation
Page No. 2

judge of this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charge contained in above-stated the only count of the Indictment, he was examined and verified as being correct that he had consulted with his counsel AFPD Yasmín Irizarry, prior to the hearing to enter a plea of guilty, that he was satisfied with the services provided by his legal representative and had time to discuss with her all aspects of the case, insofar, among other things, regarding the hearing to enter the plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and Waiver of Indictment, and charges therein, his constitutional rights, and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, by entering a plea of guilty to the charges specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

United States v. Reinaldo Rodríguez
Criminal No. 11-529 (DRD)
Report and Recommendation
Page No. 3

during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, AFPD Irizarry, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the documents

entitled "Plea Agreement" and "Plea Agreement Supplement"[2] were shown to defendant, verifying his signature and initials on each and every page.

Defendant expressed his understanding of the maximum penalties prescribed by statute for the count charged in the Indictment and to which he was pleading guilty which is a term of imprisonment of ten (10) years, a fine of two hundred and fifty thousand ($250,000.00) dollars, and a term of supervised release of three (3) years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

Th defendant understands that the Court must require restitution in the amount of $33,451.00 to be paid to the United States Social Security Administration as part of the sentence pursuant to Sentencing Guidelines § 5E1.1 and Title 18, United States Code, Section 3663A.

The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of the agreement.

---

[2] Defendant acknowledged discussing in detail the content of the "Plea Agreement Supplement" with his counsel and understanding the consequences of the same. Defense counsel indicated she explained the content of the supplement and its consequences to defendant.

In addition, defendant shall pay a special assessment of one hundred dollars ($100.00), per count of conviction, as required by Title 18, United States Code, Section 3013(a).

The above-captioned parties' estimate and agreement that appears on page four, of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. Pursuant to U.S.S.G. § 2B1.1(a)(2), the Base Offense Level is of Six (6). Pursuant to U.S.S.G. § 2B1.1(b)(1)(D), an increase of six (6) levels is agreed for loss of more than $30,000. Therefore, the Total Offense Level is of Twelve (12).

At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of ten (10).

It is the understanding of the government and the defendant that the defendant's Criminal History Category is I. The defendant understands that if the defendant is sentence for, or convicted of, any other charges prior to sentencing in this action the defendant's Criminal History Category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's Criminal History Category.

It is the understanding of the government and the defendant that, with a total offense level of ten (10) and Criminal History Category of I, the defendant's sentencing range would be a term of imprisonment of 6 to 12 months, a fine of $2,000 to $20,000, and a period of supervised release of 2 to 3 years. Notwithstanding this, the defendant

understands that at sentencing the defendant is subject to the maximum penalties set forth in Paragraph 1 of the plea agreement.

The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

As part of the written Agreement, the government, the defendant, and his counsel also agreed that they were aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was able to understand this explanation and agreed with the government's submission.

United States v. Reinaldo Rodríguez
Criminal No. 11-529 (DRD)
Report and Recommendation
Page No. 7

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2) and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, Paragraph 12 above, notwithstanding the manner in which the Court determines the sentence. The defendant further agrees not to appeal a restitution order which does not exceed the amount set forth in Section I of the agreement.

The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

United States v. Reinaldo Rodríguez
Criminal No. 11-529 (DRD)
Report and Recommendation
Page No. 8

The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is grated than the sentencing range for imporisonment, a fine and supervised release set forth in Section III, Paragraph 12 of the agreement, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of defendant's sentence.

Defendant understands the plea agreement represents the total agreement between the defendant, Reinaldo Rodríguez aka "Reynaldo Rodríguez", and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

Defendant was read the Indictment in open court and he indicated he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One, and was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Count One of the Indictment in Criminal No. 11–529 (DRD).

United States v.  Reinaldo Rodríguez
Criminal No. 11-529 (DRD)
Report and Recommendation
Page No. 9

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Indictment in Criminal No. 11–529 (DRD).

**IT IS SO RECOMMENDED.**

The sentence is set for June 22, 2012 at 9:30 a.m., before Hon. Daniel R. Domínguez, District Court Judge.

San Juan, Puerto Rico, this 1st day of March of 2012.

                                     s/ CAMILLE L. VELEZ-RIVE
                                     CAMILLE L. VELEZ-RIVE
                                     UNITED STATES MAGISTRATE JUDGE